January 31, 1977

77-5  MEMORANDUM OPINION FOR THE
ASSISTANT ATTORNEY GENERAL, LAND
AND NATURAL RESOURCES DIVISION

Conflict of Interest—Propriety of Appearance of a
Former Justice Department Attorney in a
Condemnation Case

This is in response to your request for our opinion regarding the propriety of Mr. A's representing the property owner in a condemnation proceeding.

We understand that Mr. A was a supervisory attorney in your Division, but that he resigned in 1975. He states that the case was filed on June 4, 1975, and that it was under his official responsibility prior to his resignation. However, since his resignation apparently became effective more than one year ago, he is not prohibited by 18 U.S.C. § 207(b) from appearing in the matter even though it may have been under his "official responsibility" (as that term is defined in 18 U.S.C. § 202(b)) during the year preceding his resignation.

Nor does Mr. A's proposed representation appear to be prohibited by 18 U.S.C. § 207(a). That section precludes later representation only in matters in which the former Government employee participated "personally and substantially." He states that he has no personal recollection of the case or of any conversations with other attorneys in the office about it. He also states that the Department attorney handling the case examined the file and found no indication of any involvement by Mr. A. The Department attorney confirmed this in a telephone conversation with this Office and further informed us that the case was at a preliminary stage when Mr. A was in office and that it is therefore unlikely that Mr. A would have become involved in it. On the basis of these representations, it seems that Mr. A had no personal involvement in the case whatever and thus is not barred by 18 U.S.C. § 207(a).

You did not mention the American Bar Association (ABA) Code of Professional Responsibility in your memorandum. As you know, Disciplinary Rule 9-101(B) of the Code prohibits an attorney from accepting employment in a matter in which he had "substantial responsibility" as

a public employee. Formal Opinion 342 of the ABA Committee on Professional Ethics takes a rather narrow view of this provision, concluding that an attorney had substantial responsibility for a matter and is therefore barred under DR 9-101(B) only if he was personally involved in the investigative or deliberative processes regarding it "to an important, material degree" or had a "heavy responsibility" for it, which suggests that he probably did become so involved.

This Department has taken a much broader view of the disqualification requirement. It has been our position that a former Government attorney who practiced at the supervisory level must infrequently be charged with "substantial responsibility" for at least all significant matters that were under his supervision, whether or not he participated personally in them. In our opinion, this construction of DR 9-101(B) is necessary to avoid the appearance of impropriety in the attorney's representing a private party in a matter in which he had the power to affect the Government's position when he was with the Government. *See* I. Kaufman, "The Former Government Attorney and the Canons of Professional Ethics," 70 Harv. L. Rev. 657, 666 (1957). Factors that we think should be considered in determining whether, from an ethical standpoint, a former Government attorney may properly represent a party in a matter that was under his official responsibility when he was with the Government include: (1) whether his relationship to the matter was merely formal; (2) whether the subject matter was routine and involved no policy determination or was not otherwise of particular significance; and (3) whether there were intervening levels of responsibility or other indications that the matter was not of a type with which the attorney would or should ordinarily have had personal involvement. *See, generally, Kesselhaut* v. *United States,* (March 29, 1976), slip opinion at 24–29, *rev'd on other grounds* (May 18, 1977); Opinion 889 of the Committee on Professional and Judicial Ethics of the Association of the Bar of the City of New York. In the present situation, we think that it might also be relevant that the case was apparently not yet at a stage at which Mr. A would have been likely to have had any real involvement with it.

Whether Mr. A is personally barred by DR 9-101(B) is essentially a factual determination to be made by your Division, applying the standards outlined above. If he is, it is the Department's position that the entire law firm is also disqualified unless the Department consents to its representation with appropriate safeguards for Mr. A's insulation from personal or financial participation in the case.

LEON ULMAN
*Acting Assistant Attorney General*
*Office of Legal Counsel*